# SUPREME JUDICIAL COURT

### AT THE

## NOVEMBER SESSION 1870, IN BOSTON.

PRESENT:

HON. REUBEN A. CHAPMAN, CHIEF JUSTICE.
HON. HORACE GRAY, JR.,
HON. JOHN WELLS,  } JUSTICES.
HON. SETH AMES,

---

## COMMONWEALTH *vs.* JOHN W. DAMON.

A mortgagor of personal property, who sells it either with the written consent of the mortgagee, or after informing the buyer that it is mortgaged, is not punishable under the Gen. Sts. *c.* 161, § 62.

INDICTMENT on the Gen. Sts. *c.* 161, § 62, for selling mortgaged personal property. At the trial in the superior court, in Norfolk, before *Reed*, J., the defendant conceded that he sold the property without the written consent of the mortgagee; but introduced evidence tending to show that he first informed the buyer that it was mortgaged, and that the buyer, in consequence of such information, bought with a full knowledge of the incumbrance. And he requested the judge to instruct the jury "that if they were satisfied, upon the evidence, that the defendant, before the sale of the mortgaged property, informed the person to whom he sold of the existing mortgage, it would be proper and competent for them to find him not guilty of the supposed offence."

The judge declined so to instruct them, and ruled " that if the government had proved to their satisfaction, either that the defendant had not, before the sale, obtained the written consent of the mortgagee to the sale, or that he had not informed the person to whom he sold of the existence of the mortgage, it would be proper for them to convict him of the charge, and he might be found guilty merely upon proof that he had sold without having first obtained the written consent of the mortgagee ; that, such fact being proved and found, the further inquiry whether the defendant had given the information to the purchaser, required by statute, would be superfluous and immaterial." But he instructed the jury to determine specially, if they could, whether or not the defendant did sell without giving such information. Under these rulings, the jury found the defendant guilty, and were unable to agree upon the question whether or not he sold without informing the buyer that the property was mortgaged. The defendant alleged exceptions.

*J. E. Bates*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth. Under the Gen. Sts. *c.* 161, § 62, a mortgagor of personal property, making sale of it, is bound to obtain the written consent of the mortgagee, and inform the purchaser that it is mortgaged. *Bryant* v. *Pollard*, 10 Allen, 81. The first requirement is partly for the benefit of the mortgagee, in order that the property may not be so disposed of that he cannot find it, or as to be rendered valueless ; and partly for more general reasons of policy, in order to secure regularity and fairness in sales, guard against imposition and oppression, the ignorance or carelessness of purchasers, and the dangers of litigation, and furnish proper safeguards in such transactions. Though a mortgagee, by waiving provisions for his benefit, may bind himself, yet he cannot thereby relieve the mortgagor from his criminal liability to the public, any more than a buyer of unmeasured wood, unweighed coal, adulterated milk, diseased meat, unproved firearms, or any other contraband articles, can by his consent relieve the seller from criminal liability under the various inspection statutes.

WELLS, J. By the Gen. Sts. c. 161, § 62, a mortgagor of personal property, who sells or conveys it " without the written consent of the mortgagee, and without informing the person to whom he sells or conveys that the same is mortgaged," is made liable to punishment as for a criminal offence. The ruling of the court below was, that the defendant might be convicted unless both requisitions of the statute had been complied with ; that is, that to justify such a sale the mortgagor must not only have the written consent of the mortgagee, but must also inform the purchaser of the existence of the mortgage.

We think this was contrary both to the language and to the reason of the statute. If the mortgagor has the written consent of the mortgagee, he may convey a perfect title to the purchaser ; and neither the mortgagee nor the purchaser will suffer injury from such a sale. If he has no such consent, but discloses to the purchaser the state of his title, the purchaser will not be deceived ; the sale will operate simply to transfer his right in the property ; and that he may properly do, notwithstanding the existence of the mortgage.

By the terms of the statute, construed grammatically, the mortgagor is punishable only when there is an absence of both requisites therein provided. The jury have not found the absence of both, in the sale for which the defendant was indicted ; but returned their verdict of guilty under instructions which authorized them to do so, without negativing the defendant's claim that he informed the purchaser of the mortgage.

*Exceptions sustained.*